UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SHAWN BARNETT, | § | No. 6:14-cv-00007 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ASSET RECOVERY ASSOCIATES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

SHAWN BARNETT (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against DELTA OUTSOURCE GROUP, INC. (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Texas, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing at 5408 Mildred Ave, Killeen, Texas, 76549.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is an alleged debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national debt collection company with its main office located in Lake Saint Louis, Missouri and it conducts business in Texas.

## FACTUAL ALLEGATIONS

10. In or around November of 2013, Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt arises from transactions used for personal, family, and household purposes.

12. In November of 2013, Defendant placed a collection call to Plaintiff's phone number (512) 412-10XX from telephone number (316) 669-2532, a number belonging to Defendant.

13. In the course of the collection call in November of 2013, Defendant threatened to have Plaintiff's wage's garnished, and told Plaintiff that Defendant would have a lien placed on Plaintiff home if Plaintiff did not make a payment to Defendant.

14. Defendant is using false, deceptive and misleading means in connection with the collection of a debt by threatening to have Plaintiff's wage's garnished and a lien put on Plaintiff's home.

15. Defendant is misrepresenting the legal process to Plaintiff by falsely stating to Plaintiff that Defendant can garnish Plaintiff's wage's and place a lien on Plaintiff's property without

filing a lawsuit.

16. As a result of the collection calls placed by Defendant to Plaintiff, Plaintiff suffered embarrassment, humiliation, emotional distress, anguish and mental suffering. When Defendant calls Plaintiff, Plaintiff feels stress, aggravation, anguish, and anxiety.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representation with the collection of the debt.

    c. Defendant violated §1692e(4) of the FDCPA by representing and implying that nonpayment of the debt would result in garnishment and/or seizure of property from Plaintiff.

    d. Defendant violated §1692e(5) of the FDCPA by threatening to take action that is not intended to be taken.

    e. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt.

WHEREFORE, Plaintiff, SHAWN BARNETT, respectfully requests judgment be entered against Defendant, DELTA OUTSOURCE GROUP, INC. for the following:

18. Actual damages to compensate Plaintiff for her embarrassment, humiliation, mental anguish, emotional distress, anxiety, inconvenience, and the disruption of her day caused by

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*.

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*.

21. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

Dated: January 8, 2014        By:  /s/Ryan S. Lee
                                                Ryan S. Lee
                                                Krohn & Moss, Ltd
                                                10474 Santa Monica Blvd.
                                                Suite 405
                                                Los Angeles, CA 90025
                                                (323) 988-2400 x241
                                                (866) 861-1390 (fax)
                                                Email: rlee@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS

Plaintiff, SHAWN BARNETT, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, SHAWN BARNETT, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

27 NOV 13
Date

SHAWN BARNETT